## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Rewel F. Viera-Martinez, employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), United States Department of Justice, having been duly sworn, do hereby depose and state as follows:

## AGENT BACKGROUND

1. I have been employed as a Special Agent of the Bureau of ATF with the United States Department of Justice since September 2023. I am a graduate of the Federal Law Enforcement Training Center's criminal investigator training program as well as the ATF National Academy, where I received more than 1080 hours of training, including but not limited to firearms ID and handling, executing warrants, defensive tactics, interview techniques, surveillance techniques, undercover operations, investigation techniques, and others.

2. Prior to my employment with ATF, I was a U.S. Border Patrol Agent under the United States Customs and Border Protection for two (2) years in Eagle Pass, Texas. My duties included enforcing immigration law by patrolling between ports of entry, conducting immigration inspections, responding to sensor activations, interdicting narcotics and human trafficking, and processing non-citizens, among other things. I also received medical training and was a certified EMT for the U.S. Border Patrol.

3. Through training, investigations, and experience, I have taken part in cases relating to the trafficking of firearms, the illegal possession of firearms, and the use of firearms in violent crimes by individuals and Drug Trafficking Organizations.

4. The information set forth herein is based on my personal knowledge, information obtained through interviews, the information provided to me by other law enforcement officers, and through other various forms of information. This affidavit is offered for the limited purpose of establishing probable cause that **John Samir BAEZ-DAVILA** ("BAEZ-DAVILA") violated 21 U.S.C. §§ 841(a)(1), 18 U.S.C. §§ 922(o),18 U.S.C. §§ 922(g)(1), and 924(c)(a)(1). Therefore, I have not recited every fact known to me as a result of this investigation.

5. I am familiar with the information contained in this Affidavit, either through personal investigation or through discussions with other law enforcement officers who obtained information through investigation and surveillance, which they, in turn, reported to me.

This includes interviews conducted with local and federal law enforcement with victim(s) and suspect(s).

## FACTS THAT ESTABLISH PROBABLE CAUSE

6. On February 21, 2025, at approximately 6:30 pm, Agents from the Puerto Rico Police Bureau (PRPB) assigned to the Dajaos precinct were patrolling near Rd 167 in Bayamon, Puerto Rico using a marked unit equipped with a license plate reader system (LPR). While patrolling, agents heard on the radio that a stolen vehicle, described as a dark Toyota Corolla bearing license plate JTS-630, had been spotted near Rd 167. The agents started searching for the dark-colored Toyota Corolla, and minutes later, the LPR system alerted the agents of the near presence of the suspected stolen vehicle.

7. Agents identified the suspected vehicle, activated their marked unit's lights and sirens, and intervened with the vehicle. PRPB agents stated the traffic was heavy, and the driver failed to yield to the right and stopped the vehicle in the middle of the lane. Upon approaching the vehicle, the driver later identified as John Samir BAEZ-DAVILA, opened the vehicle door with the vehicle registration in his hands.

8. Officers intervened with BAEZ-DAVILA, and and explained him the reason for the intervention was that the vehicle was reported stolen. BAEZ-DAVILA stated he bought the vehicle a couple days ago. PRPB agents then placed him under arrest for being in control of a stolen vehicle. PRPB agents advised BAEZ-DAVILA of his Miranda rights and transported the vehicle to the PRPB Dajaos precinct for investigation purposes. The two passengers were also detained.

9. PRPB agents conducted an inventory of the above-mentioned Toyota Corolla using the PRPB form PPR-128. Partially under the driver's seat, and within the direct reach of the driver (BAEZ-DAVILA), a protruding black cross-body bag could be observed. The shoulder strap extended into the driver's side floor where BAEZ-DAVILA's feet had been while driving the vehicle.

10. Agents seized from the black cross-body bag:
    - One (1) Glock 19 Gen 5, 9x19, 9mm caliber pistol, bearing SN: BHNX-848 with a noticeable machinegun conversion device, one round in the chamber, and an attached high capacity magazine that was fully loaded;
    - one (1) additional 9mm high capacity pistol magazine;

- another two (2) 9mm pistol magazines;
- approximately ninety-two (92) rounds of 9mm ammunition; and
- approximately four thousand five hundred dollars ($4,540).

11. Agents continued the inventory and found a gray and green plastic bag under the driver's seat and within direct reach of the driver. Inside the shopping plastic bag, PRPB agents found and seized the following:
    - two (2) vacuum-sealed bags containing distribution amounts of what tested positive for cocaine.
12. The PRPB Agents requested assistance from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) for possible federal prosecution.
13. An examination of the Glock 19 bearing SN: BHNX-848 firearm and preliminary field test without ammunition indicated that the firearm is likely able to fire more than a single round of ammunition per single function of the trigger, which would meet the legal definition of a machinegun. The firearm had a metal backing plate, clearly visible to the naked eye or anyone handling the firearm, which allows the firearm to fire more than a single round of ammunition per single function of the trigger. This is not the standard backing plate for the Glock 19, Gen 5, 9mm caliber pistol.
14. ATF Personnel read BAEZ-DAVILA his Miranda rights, which he understood and did not sign, stating he was unwilling to speak with the authorities without having his lawyer present.
15. A query on law enforcement databases revealed that BAEZ-DAVILA had been previously convicted for a crime punishable by a year or more in prison. Furthermore, the investigation revealed that BAEZ-DAVILA actually served more than one year in prison.
16. The investigation revealed that no firearm or ammunition, including Glock pistols of the type described above, is manufactured in Puerto Rico. Therefore, the investigation concluded that the aforementioned firearm and ammunition had been shipped or transported in interstate or foreign commerce.

17. Pictures of the items seized are as follows:



18. Based on the above facts, the undersigned affiant believes there is probable cause to charge **John Samir BAEZ-DAVILA** ("BAEZ-DAVILA") with violations of 21 U.S.C. §§ 841(a)(1), 18 U.S.C. §§ 922(o), 18 U.S.C. §§ 922(g)(1), and 924(c)(a)(1).

Respectfully submitted,

_____
Rewel F. Viera Martinez
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn by telephone pursuant to the requirements of Fed. R. Crim. P. 4.1 by at ___5:21AM___ on February 23, 2025.

_____
Hon. Marshal D. Morgan
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO

4